UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and DENNIS FRITTER, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. ) (Removal from: Missouri Circuit Court, |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) Cole County, Case No. 22AC-AC00712-01) ) ) |
| Defendant. | ) |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant American Family Mutual Insurance Company, S.I. ("American Family") removes this putative class action to the United States District Court for the Western District of Missouri. The matter is Case No. 22AC-AC00712-01 in the Circuit Court of Cole County, Missouri. As grounds for removal, American Family states:

1. On July 7, 2022, plaintiffs Kyle Hirsch, Sarah Hirsch, and Dennis Fritter ("Plaintiffs") filed a putative class action lawsuit against American Family in the Circuit Court of Cole County, Missouri captioned "*Kyle Hirsch, individually, and on behalf of all others similarly situated v. American Family*," Case Number 22AC-AC00712.

2. Although the state court issued an Associate Division Summons, Plaintiffs never served it on American Family.

3. On or about July 23, 2022, Plaintiffs filed a first amended petition (the "Petition"). Plaintiffs simultaneously filed a motion requesting that the case be certified to the Circuit Court of Cole County.

4. On September 16, 2022, the case was certified to the Circuit Court of Cole County and assigned Case Number 22AC-AC00712-01.

5. Although the Petition indicated that Plaintiffs intended to serve American Family, American Family was never served with a copy of the Petition and a summons.

6. After receiving a copy of the Petition from Plaintiffs' counsel, on December 6, 2022 American Family accepted service of the Petition and the undersigned counsel appeared on that date in the state court action. Accordingly, this Notice of Removal is timely filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached as **Exhibit 1** to this notice of removal.

8. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 because American Family satisfies the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT**

9. The Court has subject matter jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d) under the Class Action Fairness Act ("CAFA") because: (1) there are 100 or more members in Plaintiffs' proposed class, (2) at least one member of the proposed class has a different citizenship from American Family, and (3) the amount in controversy for the claims of the proposed class members exceeds $5 million in the aggregate. A class action includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," including Missouri Rules of Civil Procedure 52.08. *See* 28 U.S.C. § 1332(d)(1)(B).

US.354773722.04

## I. Plaintiffs Allege That the Proposed Class Has More Than 100 Members

10. One of the jurisdictional requirements under CAFA is that the proposed class contain at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). "[T]he term 'class member' means the persons (named or unnamed) who fall within the definition of the proposed class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. A defendant may rely on the plaintiffs' allegations to establish the pre-requisites for removal. *See, e.g., Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012). Plaintiffs allege in paragraph 39 of the Petition that "hundreds or thousands of people geographically dispersed across Missouri have been damaged by Defendant's actions." (Ex. 1, Pet. ¶ 39.)

12. Additionally, based on an initial review of its records, American Family believes there are at least several thousand property claims in Missouri that fit within Plaintiffs' class definition, including its temporal limitations.

13. Therefore, the number of class members satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B).

## II. Minimal Diversity Exists

14. CAFA also requires minimal diversity, meaning at least one member of the proposed class must be a citizen of a state different from one of the defendants. 28 U.S.C. § 1332(d)(2)(A).

15. Citizenship is determined as of the filing of the complaint. *See* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff class shall be determined . . . as of the date of filing of the complaint or amended complaint . . . indicating the existence of Federal jurisdiction.").

16. At the time they filed the Petition, Plaintiffs alleged that they were domiciled in

Missouri and are therefore citizens of the State of Missouri for diversity jurisdiction purposes. (Ex. 1, Pet. ¶¶ 1-2.)

17. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

18. Plaintiffs correctly allege that American Family, an insurance corporation, is incorporated under the laws of Wisconsin and its principal place of business is in Wisconsin. (Ex. 1, Pet. ¶ 3.) Thus, American Family is a citizen of Wisconsin.[1]

19. Therefore, there is minimal diversity among the parties, satisfying the requirement of 28 U.S.C. § 1332(d)(2)(A).

### III. CAFA's Amount-In-Controversy Requirement Is Satisfied

20. Finally, CAFA requires that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million. 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6). While American Family disputes that Plaintiffs have a viable claim, that damages may be owed, or that the proposed class may be certified, the aggregate amount in controversy satisfies this requirement. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) ("When the notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal quotations and citation omitted).

---

[1] The "direct action" exception for certain suits against insurance companies does not apply here because that exception "refers to a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir. 2020) (quotations omitted); *see* 28 U.S.C. § 1332(c)(1).

21. Plaintiffs' Petition alleges that American Family breached property insurance policies it issued to policyholders in Missouri by applying depreciation to the entire value of damaged property, including the value contributed by labor, when calculating the actual cash value ("ACV") payments it made to those policyholders. (Ex. 1, Pet. ¶ 63.) Based on these allegations, Plaintiffs assert claims on their own behalf and on behalf of a putative class for breach of contract (Count I) and declaratory judgment (Count II).

22. More specifically, Plaintiffs Kyle and Sarah Hirsch allege that they were insured under an insurance policy issued by American Family that insured the structure located at 11731 Frontier Drive, St. Louis, Missouri under the terms, conditions, exclusions, definitions, and limitations of the policy of insurance, and bearing Policy number 24B5284901. (Ex. 1, Pet. ¶ 9.) They allege that "[i]n calculating its ACV payment obligations to the Hirsch Plaintiffs, Defendant subtracted from the [Replacement Cost Value ("RCV")] estimate the deductible plus an additional amount of $4,261.09 for depreciation." (Ex. 1, Pet. ¶ 23.) Additionally, Plaintiff Dennis Fritter alleges that he was insured under an insurance policy issued by American Family that insured the structure located at 7312 NE 46th Street in Kansas City, Missouri under the terms, conditions, exclusions, definitions, and limitations of the policy of insurance, and bearing Policy number 24DT082801. (Ex. 1, Pet. ¶ 14.) He alleges that "[i]n calculating its ACV payment obligations to the Plaintiff Fritter, Defendant subtracted from the RCV estimate the deductible plus an additional amount of $7,082.78 for depreciation." (Ex. 1, Pet. ¶ 25.) As a result, Plaintiffs claim that they are entitled to "an amount in excess of $25,000[.]" (Ex. 1, Pet. at 14.)

23. Plaintiffs further allege that members of a putative class suffered damages because their ACV payments should have included additional amounts that American Family deducted based on its depreciation practices. (Ex. 1, Pet. ¶¶ 19–20.) The putative class is defined

as follows:

> All Defendant's policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) a structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

(Ex. 1, Pet. ¶ 36.)[2]

24. As noted above, based on American Family's initial review of its records, it believes there are thousands of policyholders with insurance policies who made a structural damage claim for property located in Missouri for which American Family accepted coverage and on which non-material depreciation was deducted.

25. Plaintiffs allege that the depreciation amounts subtracted from their RCV payments was $4,261.09 for the Hirsch Plaintiffs and $7,082.78 for Fritter, and that, as a result, their total damages exceed $25,000. If these are typical amounts,[3] and the total number of claims is multiplied by that alleged amount of damages, a mere 400 claims would be sufficient to satisfy

---

[2] American Family expressly reserves all rights to dispute whether Plaintiffs have asserted timely claims against American Family.

[3] American Family does not concede that these depreciation amounts or Plaintiffs' claimed damages are typical among any proposed class of policyholders, but it accepts Plaintiffs' allegations for purposes of the removal analysis. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (noting that plaintiffs' amount-in-controversy allegations are to be accepted when made in good faith). American Family further expressly reserves all rights to assert any and all available defenses and does not waive any of its defenses on account of the allegations set forth in this Notice of Removal.

the jurisdictional minimum.[4] Thus, given that American Family believes that thousands of claims in Missouri fall within the proposed class definition, the total amount in controversy with respect to Plaintiffs' alleged class damages easily exceeds the $5 million threshold under CAFA.

26. American Family's initial review of its claims data for Plaintiffs' purported ten-year Missouri class period further confirms that aggregate class damages, if they could be proven, would exceed the jurisdictional minimum of $5 million under Plaintiffs' proposed class definition.

27. Plaintiffs and the proposed class further seek "a declaration, and any preliminary and permanent injunction and equitable relief against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in each of the policies, practices, customs, and usages complained of herein, as may be allowed by law" and "an order that Defendant specifically perform and carry out policies, practices, and programs that remediate and eradicate the effects of their past and present practices[.]" (Ex. 1, Pet. ¶¶ 3-4.)

28. Federal courts consider equitable relief in assessing the aggregate amount in controversy. *See, e.g.*, *In re Minn. Mut. Life Ins. Co. Sales Practice Litig.*, 346 F.3d 830, 834–35 (8th Cir. 2003) (taking into account the value of equitable relief in assessing the amount in controversy). While American Family denies that Plaintiffs or the putative class would be entitled to any declaratory or injunctive relief in this lawsuit, American Family notes that such relief would require changes to its business practices and have an unknown financial impact beyond

---

[4] In other words, if the average value of the named Plaintiffs' claims is in excess of $12,500 ($25,000 divided by two claims), it would only take 400 claims to exceed the jurisdictional minimum of $5,000,000 ($12,500 x 400 = $5,000,000). Even using the lower depreciation amount of $4,261.09 pleaded by the Hirsch Plaintiffs as a proxy for total damages, the proposed class would only need to include 1,174 claimants to exceed the jurisdictional minimum.

the compensatory damages above, which further confirms the amount in controversy exceeds the jurisdictional minimum of $5 million.

29. As demonstrated by Plaintiffs' allegations and American Family's allegations above, the $5 million amount-in-controversy requirement is satisfied here.

## THE LOCAL-CONTROVERSY AND OTHER EXCEPTIONS ARE INAPPLICABLE HERE

30. CAFA is subject to several jurisdictional exceptions. See 28 U.S.C. § 1332(d). This action does not fall within any of them.

31. CAFA has a local-controversy exception which states that a district court "shall decline to exercise jurisdiction" where two-thirds or more of the members of the proposed plaintiff class **and the defendant are** citizens of the State in which the class action was originally filed. 28 U.S.C. § 1332(d)(4) (emphasis added). Additionally, district courts have discretion under the local-controversy exception not to exercise jurisdiction under CAFA when between one-third and two-thirds of the class members *and* the primary defendants are citizens of the state in which the action was originally filed. *Id*. § 1332(d)(3).

32. The local-controversy exception is not applicable here. American Family is not a citizen of Missouri, the jurisdiction where the action was originally filed.

33. American Family is not a state, state official, or governmental entity. Thus, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply.

34. Finally, this case does not involve claims concerning securities or internal corporate affairs, so the exceptions in 28 U.S.C. § 1332(d)(9) do not apply.

## REMOVAL IS PROCEDURALLY PROPER

35. As noted above, American Family filed this Notice of Removal within 30 days of accepting service of the Petition and appearing in the state court action on December 6, 2022,

making the removal timely.

36. No other statute prohibits removal of this action.

37. Venue is proper because the Circuit Court of Cole County, Missouri, is located in the Western District of Missouri.

38. American Family will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Cole County, Missouri, and serve a copy on counsel for Plaintiffs.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Defendant, thus, have properly removed the underlying action to this Court.

WHEREFORE, American Family hereby removes this action from the Circuit Court of Cole County, Missouri, to the United States District Court for the Western District of Missouri, Central Division.

Dated: January 5, 2023            Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ *Philip C. Graham*
Philip C. Graham, # 40345
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
*Attorneys for Defendant*
*American Family Mutual Insurance Company, S.I.*

## Certificate of Service

      I hereby certify that on the 5th day of January 2023 the foregoing was filed electronically via ECF and was served via electronic mail on the following:

David T. Butsch
Christopher E. Roberts
Butsch Roberts & Associates LLC
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Douglas J. Winters
The Winters Law Group
dwinters@winterslg.com

                                    By:    /s/ Philip C. Graham