**IN THE ASSOCIATE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION**

**EXHIBIT 1**

| | |
|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and DENNIS FRITTER, individually, and on behalf of all others similarly situated,     ) ) ) ) | |
| Plaintiffs,     ) | |
|     ) | Case No. 22AC-AC00712 |
| v.     ) | |
|     ) | Division IV |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,     ) ) | |
|     ) | |
| Defendant.     ) | |

**FIRST AMENDED PETITION**

COME NOW Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter ("Plaintiffs"), individually, and on behalf of all others similarly situated, and for their First Amended Petition against Defendant American Family Mutual Insurance Company, S.I. ("American Family" or "Defendant"), state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiffs Kyle Hirsch and Sarah Hirsch are a married couple who reside in St. Louis County, Missouri.

2.    Plaintiff Dennis D. Fritter is an individual who resides in Jackson County, Missouri.

3.    Defendant is an insurance company organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin. Defendant is licensed to sell property insurance policies in the State of Missouri.

4.    This Court has personal jurisdiction over Defendant because Defendant contracts to insure property and risks in Missouri, transacts business in Missouri, enters into contracts in

Missouri, committed the acts at issue in this lawsuit in Missouri, and otherwise has sufficient minimum contacts with the State of Missouri.

5. Venue is proper in this forum pursuant to RSMo. § 375.1803 and RSMo. § 508.010.

6. Defendant sells property insurance coverage for, *inter alia*, residential and commercial buildings in the State of Missouri.

**DEFENDANT SYSTEMATICALLY UNDERPAYS ITS POLICYHOLDERS**

7. This lawsuit only concerns property coverage for buildings and structures, and not personal contents, such as furniture and clothes.

8. Further, this lawsuit only concerns claims in which Defendant accepted coverage and then Defendant chose to calculate actual cash value ("ACV") pursuant to the replacement cost less depreciation methodology, as opposed to a fair market value approach.

9. Plaintiffs Kyle and Sarah Hirsch ("the Hirsch Plaintiffs") contracted with Defendant for an insurance policy providing coverage for certain losses to their property located at 11731 Frontier Drive, St. Louis, Missouri ("the Hirsch Property"). The policy number was 24B5284901 (the "Hirsch Policy").

10. The Hirsch Plaintiffs paid Defendant premiums in exchange for insurance coverage. The required premiums were paid at all times relevant to this Petition.

11. On or about November 5, 2017, the Hirsch Property suffered structural damage covered by the Hirsch Policy. The damage to the Hirsch Property required replacement and/or repair.

12. Th Hirsch Plaintiffs timely submitted a claim to Defendant requesting payment for the covered loss.

2

13.     Defendant determined the loss to the Hirsch Property was covered by the terms of the Hirsch Policy.

14.     Plaintiff Fritter contracted with Defendant for an insurance policy providing coverage for certain losses to his property located at 7312 NE 46th Street in Kansas City, Missouri ("the Fritter Property"). The policy number was 24DT082801 (the "Fritter Policy").

15.     Plaintiff Fritter paid Defendant premiums in exchange for insurance coverage.  The required premiums were paid at all times relevant to this Petition.

16.     On or about December 6, 2019, the Fritter Property suffered structural damage covered by the Fritter Policy.  The damage to the Fritter Property required replacement and/or repair.

17.     Plaintiff Fritter timely submitted a claim to Defendant requesting payment for the covered loss.

18.     Defendant determined the loss to the Fritter Property was covered by the terms of the Policy.

19.     At all relevant times, Defendant's sole methodology for calculating the ACV of structural damage losses in Missouri, including Plaintiffs' loss, was to estimate the cost to repair or replace the damage with new materials (replacement cost value, or "RCV"), and then to subtract depreciation. In adjusting Plaintiffs' claim, Defendant affirmatively and unilaterally chose to use this "replacement cost less depreciation" methodology to calculate Plaintiffs' loss and to make its ACV payment. Defendant did not use any other methodology to calculate Plaintiffs' ACV payment.

20.      The Policies, and other property insurance forms issued by Defendant to similarly situated class members, does not permit the withholding of non-material depreciation, including

3

future labor, as depreciation. "Labor" as used in this Petition, means intangible non-materials, specifically including both the future labor costs and the future laborers' equipment costs and contractors/laborers' overhead and profit necessary to restore property to its condition *status quo ante*, as well as the future removal costs to remove damaged property, under commercial claims estimating software. In contrast with the Policies, certain policies of insurance expressly allowed for the depreciation of labor as described herein. The type of form or endorsement will be referred to herein as a "labor permissive form." The Policies do not contain a labor permissive form.

21.     After Plaintiffs' losses were reported, Defendant sent an adjuster to inspect the damages and estimate the ACV of each loss. Defendant uses commercially-available computer software to estimate RCV, depreciation, and ACV. The software used to calculate the payment to Plaintiffs is called Xactimate®.

22.     As set forth in a written Xactimate® estimate provided to the Hirsch Plaintiffs by Defendant and dated March 19, 2018, Defendant's adjuster determined that the Hirsch Plaintiffs had suffered a covered loss in the amount of $12,675.53 (the RCV) to their property. The estimate included the cost of materials and future labor required to complete the repairs.

23.     In calculating its ACV payment obligations to the Hirsch Plaintiffs, Defendant subtracted from the RCV estimate the deductible plus an additional amount of $4,261.09 for depreciation.  Plaintiffs were underpaid on their ACV claim as more fully described below.

24.     As set forth in a written Xactimate® estimate provided to the Plaintiff Fritter by Defendant and dated December 6, 2019, Defendant's adjuster determined that Plaintiff Fritter had suffered a covered loss in the amount of $14,051.41 (the RCV) to his property. The estimate included the cost of materials and future labor required to complete the repairs.

25.     In calculating its ACV payment obligations to the Plaintiff Fritter, Defendant subtracted from the RCV estimate the deductible plus an additional amount of $7,082.78 for depreciation.  Plaintiff Fritter was underpaid on their ACV claim as more fully described below.

26.     ACV coverage is paid by Defendant prospectively before repairs are made.

27.     As it relates to ACV coverage, this lawsuit does *not* seek to address the propriety of depreciating any labor incorporated or embedded within a building or building product. Plaintiffs do not dispute that both labor and materials incurred to build a structure, or create a building product, become integrated with the home or building and may be depreciated following a casualty loss as part of the calculation of ACV benefits.

28.     However, when Defendant calculated Plaintiffs' ACV benefits owed under the Policy, Defendant withheld costs for both the materials and future labor required to repair or replace the Plaintiffs' structures as depreciation, even though future labor does not "depreciate" before it has even been incurred. Defendant withheld future labor costs throughout its ACV calculations as depreciation.

29.     Like all property insurance claims estimating software, the specific commercial claims estimating software used by Defendant allows for the depreciation of materials only or the depreciation of both material and future labor costs in its depreciation option setting preferences.

30.     Defendant's withholding of future labor costs as depreciation associated with the repair or replacement of Plaintiffs' property resulted in Plaintiffs receiving payment for their losses in an amount less than they were entitled to receive under the Policy. Defendant breached its obligations under the Policies by improperly withholding the cost of future labor as depreciation.

31.     Plaintiffs cannot determine the precise amount of future labor that has been withheld based only upon the written estimate provided. To determine the precise amount of future

labor withheld, it is necessary to have access to the commercial property estimating program at issue (Xactimate®), as well as the electronic file associated with the estimate.

32. While a property insurer may lawfully depreciate material costs when calculating the amount of an ACV payment owed to an insured, it may not lawfully withhold future repair labor as depreciation under the Policy.

33. Defendant's failure to pay the full cost of the future labor necessary to return Plaintiffs' structure to the *status quo ante* left Plaintiffs under-indemnified and underpaid for their losses.

34. Defendant materially breached its duty to indemnify Plaintiffs by withholding future labor costs associated with repairing or replacing Plaintiffs' property in their ACV payments as depreciation, thereby paying Plaintiffs less than they were entitled to receive under the terms of the Policy.

35. Plaintiffs dispute whether portions of the agreed-to and undisputed amounts of future labor, as determined by Defendant itself, may be withheld by Defendant as "depreciation" from Defendant's ACV payment under the terms and conditions of the Policies, including but not limited to depriving Plaintiffs of the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest.

## CLASS ALLEGATIONS

36. Plaintiffs seek to define the following class, which is tentatively defined as:

> All Defendant's policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) a structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in

6

an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within the Xactimate® software used or similar depreciation option settings in competing commercial software programs. It also means labor that was manually depreciated from a replacement cost estimate, including but not limited to "straight-line" depreciation.

The class excludes any claims for which the applicable limits of insurance was exhausted by the initial actual cash value payment.

The class also excludes any claims, or portions of claims, arising under labor depreciation permissive policy forms, *i.e.*, those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form, unless the use of those forms violate the law of Missouri.

37. Plaintiffs reserve the right to amend the definition of the proposed class through discovery. The following persons are expressly excluded from the class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; and (3) the Court to which this case is assigned and its staff.

38. Plaintiffs and members of the putative class as defined all suffered injury as all such persons and entities, at least initially, received lower claim payments than permitted under the policy. Certain amounts initially withheld as labor may be later repaid to some policyholders with replacement cost provisions in their policies, if any. However, policyholders who have been subsequently repaid for initially withheld labor still have incurred damages, at the least, in the form of the lost "time value" of money during the period of withholding, *i.e.*, statutory or common law prejudgment interest on the amounts improperly withheld, for the time period of withholding.

39. The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiffs reasonably believe that hundreds or thousands of people geographically dispersed across Missouri have been damaged by Defendant's actions. The names and addresses

7

of the members of the proposed class are readily identifiable through records maintained by Defendant or from information readily available to Defendant.

40.    The relatively small amounts of damage suffered by most members of the proposed class make filing separate lawsuits by individual members economically impracticable.

41.    Defendant has acted on grounds generally applicable to the proposed class in that Defendant has routinely withheld labor costs as described herein in its adjustment of property damage claims under its policies of insurance. It is reasonable to expect that Defendant will continue to withhold labor to reduce the amount it pays to its insureds under its policies absent this lawsuit.

42.    Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.    Whether Defendant's policy forms allow the withholding of labor costs in the calculation of ACV payments under the replacement cost less depreciation methodology;

b.    Whether Defendant's policy language is ambiguous;

c.    Whether Defendant's withholding of labor costs in the calculation of ACV payments breaches the Defendant's insurance policy forms;

d.    Whether Defendant has a custom and practice of withholding labor costs in the calculation of ACV payments;

e.    Whether Plaintiffs and members of the proposed class have been damaged as a result of Defendant's withholding of labor costs in the calculation of ACV payments owed; and

f.    Whether Plaintiffs and members of the proposed class are entitled to declaratory relief.

43.     Plaintiffs' claims are typical of the claims of the proposed class members, as they are all similarly affected by Defendant's customs and practices concerning the withholding of labor. Further, Plaintiffs' claims are typical of the claims of the proposed class members because Plaintiffs' claims arose from the same practices and course of conduct that give rise to the claims of the members of the proposed class and are based on the same factual and legal theories. Plaintiffs are not different in any material respect from any other member of the proposed class.

44.     Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiffs' interests do not conflict with the interests of the proposed class it seeks to represent. Plaintiffs have retained lawyers who are competent and experienced in class action and insurance litigation. Plaintiffs and Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the members of the proposed class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class while recognizing the risks associated with litigation. Plaintiffs reserve the right to have unnamed class members join Plaintiffs in seeking to be a class representative.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed members of the proposed class in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the

expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

46.     In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiffs and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

47.     Questions of law or fact common to Plaintiffs and members of the proposed class, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amount due to many individual members of the proposed class is likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

48.     Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

49.     Plaintiffs may seek, in the alternative, certification of issues classes pursuant to Missouri Supreme Court Rule 52.08(c)(4).

50.     An action may be brought or maintained as a class action with respect to particular issues when doing so would materially advance the litigation as a whole.

## COUNT I – BREACH OF CONTRACT

51.     Plaintiffs restate and incorporate by reference the previous paragraphs as if fully stated in this Count.

52.     Defendant entered into policies of insurance with Plaintiffs and members of the proposed class. These insurance policies govern the relationship between Defendant and Plaintiffs, and members of the proposed class, as well as the manner in which claims for covered losses are handled.

53.     These policies of insurance are binding contracts under Missouri law and are supported by valid consideration in the form of premium payments in exchange for insurance coverage.

54.     Defendant drafted the insurance policies at issue, which are essentially identical in all respects material to this litigation concerning the withholding of labor as depreciation from ACV payments for structural loss when Defendant calculates ACV under a replacement cost less depreciation methodology.

55.     In order to receive or be eligible to receive ACV claim payments in the first instance, Plaintiffs and the putative class members complied with all material provisions and performed all of their respective duties with regard to their insurance policies.

56.     Defendant breached its respective contractual duties to pay Plaintiffs and members of the proposed class the ACV of their claims by unlawfully withholding labor costs as described herein.

57.     Additionally, Defendant's actions in breaching its contractual obligations to Plaintiffs and members of the proposed class benefitted and continues to benefit Defendant. Likewise, Defendant's actions damaged and continue to damage Plaintiffs and members of the proposed class.

58.     Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiffs and members of the proposed class.

59.     In light of the foregoing, Plaintiffs and members of the proposed class are entitled to recover damages sufficient to make them whole for all amounts unlawfully withheld from their ACV payments, including prejudgment interest as may be allowed by law.

60.     By withholding repair labor costs as depreciation, Defendant breached its obligations to Plaintiffs and the putative class members under their respective policies.

61.     As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiffs and the putative class members suffered damage. More specifically, Plaintiffs and the putative class members received payment for their losses in an amount less than to which they were entitled to under the policy.

62.     Defendant's practice of withholding repair labor costs as depreciation in its calculation of ACV payments on property damage claims is a breach of Defendant's contractual obligations.

63.     Defendant materially breached its duty to indemnify Plaintiffs and the putative class members by withholding labor costs from ACV payment as depreciation, thereby paying less than

Plaintiffs and the putative class members were entitled to receive under the terms of the Policy, including but not limited to depriving Plaintiffs and the putative class members of the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest.

## COUNT II - DECLARATORY JUDGMENT AND RELIEF

64. Plaintiffs restate and incorporate by reference the previous paragraphs as if fully stated in this Count.

65. This Court is empowered by Missouri Supreme Court Rule 87 to declare the rights and legal relations of parties regardless of whether further relief is or could be claimed.

66. Justiciable controversies exist between Plaintiffs and the putative class members and Defendant as to whether Defendant may withhold labor costs as depreciation form its insureds ACV payments.

67. Plaintiffs and the putative class members have a legally protectable interest in that they are insured under Defendant's policies and Defendant refused and continues to refuse to pay the full indemnity they are entitled to receive under the policy.

68. Plaintiffs and the putative class members have no adequate remedy at law.

69. This matter is ripe for adjudication between Plaintiffs and the putative class members and Defendant.

70. A party may seek to have insurance contracts, before or after a breach, construed to obtain a declaration of rights, status, and other legal relations thereunder adjudicated.

71. Plaintiffs and members of the proposed class have all complied with all relevant conditions precedent in their contracts.

13

72.     Plaintiffs seek, individually and on behalf of the proposed class, a declaration that Defendant's property insurance contracts prohibit the withholding of future labor costs as described herein when adjusting losses under the methodology employed herein.

73.     Plaintiffs further seek, individually and on behalf of the proposed class, any and all other relief available under the law arising out of a favorable declaration.

74.     Plaintiffs and members of the proposed class have and will continue to suffer injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter request that this Court enter judgment against Defendant for an amount in excess of $25,000, and to grant the following relief:

1.     Enter an order certifying this action as a class action, appointing Plaintiffs as the representatives of the class, and appointing Plaintiffs' attorneys as class counsel;

2.     Enter a declaratory judgment, declaring that Defendant's withholding of labor costs as depreciation is contrary to and breaches the insurance policy issued to Plaintiffs and members of the class;

3.     Enter a declaration, and any preliminary and permanent injunction and equitable relief against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in each of the policies, practices, customs, and usages complained of herein, as may be allowed by law;

4.     Enter an order that Defendant specifically perform and carry out policies, practices, and programs that remediate and eradicate the effects of their past and present practices complained of herein;

5.     Award compensatory damages for all sums withheld as labor costs under the policy, plus all applicable prejudgment interest on all such sums, to Plaintiffs and members of the proposed class;

6.     Award costs, expenses, and disbursements incurred herein by Plaintiffs and members of the proposed class as may be allowed by law, including but not limited to amounts available under the common fund doctrine;

7.     All applicable Pre- and Post-Judgment interest; and,

8.     Grant such further and additional relief as the Court deems necessary and proper.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: _/s/ Christopher E. Roberts_____
     David T. Butsch #37539
     Christopher E. Roberts #61895
     231 South Bemiston Ave., Suite 260
     Clayton, MO 63105
     (314) 863-5700 (telephone)
     (314) 863-5711 (fax)
     Butsch@ButschRoberts.com
     Roberts@ButschRoberts.com

**THE WINTERS LAW GROUP**
     Douglas J. Winters #65284
     190 Carondelet Plaza, Suite 1100
     St. Louis, Missouri 63105
     (314) 499-5200 (telephone)
     (314) 499-5201 (fax)
     dwinters@winterslg.com

     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts_____

15

## IN THE ASSOCIATE CIRCUIT COURT OF COLE COUNTY
## STATE OF MISSOURI
## ASSOCIATE CIVIL DIVISION

KYLE HIRSCH, SARAH HIRSCH, and )
DENNIS FRITTER, individually, and on )
behalf of all others similarly situated, )
                              )
        Plaintiffs, )
                              )       Case No. 22AC-AC00712
v.                                  )
                              )       Division IV
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, S.I., )
                              )
        Defendant. )

*Granted*

*CKL* 9-16-22

## PLAINTIFFS' MOTION TO CERTIFY CASE TO CIRCUIT COURT

Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter ("Plaintiffs"), through their counsel of record, and pursuant to Section 517.081, files their Motion to Certify Case to Circuit Court, and state:

1.       On July 23, 2022, Plaintiffs filed a First Amended Petition against Defendant American Family Mutual Insurance Company, S.I. The Amended Petition seeks to pursue this case as a class action. The potential damages exceed the jurisdictional limit of $25,000.00 of cases triable under Chapter 517.

2.       The jurisdictional limit of cases under Chapter 517 can be certified for trial under practices and procedures applicable to Circuit Court Judges upon submitting the deposit of the amount necessary to file a Circuit Court case.

3.       Plaintiffs, contemporaneously with this motion, submit a deposit of $53.00, the difference between the amount of filing a case in Associate Circuit Court ($54.00) and the $107.00 deposit required for civil Circuit Court cases.

4.     Plaintiffs therefore request that, pursuant to Section 517.081 the case be certified for assignment to Circuit Court.

WHEREFORE Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter request that the Court grant their Motion to Certify the Case to Circuit Court and certify the case to Circuit Court in accordance with Section 517.081 and to grant any further relief that this Court deems just and proper.


BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ Christopher E. Roberts
      David T. Butsch #37539
      Christopher E. Roberts #61895
      231 South Bemiston Ave., Suite 260
      Clayton, MO 63105
      (314) 863-5700 (telephone)
      (314) 863-5711 (fax)
      butsch@butschroberts.com
      roberts@butschroberts.com

      Counsel for Plaintiffs


**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts

2

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
## 19TH JUDICIAL CIRCUIT

KYLE HIRSCH ET AL  )
        Petitioner,  )
          )
vs.  )      Case No.  22AC-AC00712-01
          )
AMERICAN FAMILY MUTUAL  )
        Respondent.  )

Date of Proceeding: _____

Nature of Proceeding: _____

Appearances:                   Attorney For:

_____     _____

_____     _____

_____     _____

\_\_ Docket Sheet Entry    _X_  Order    \_\_ Judgment    \_\_\_ Stipulation    \_\_ Other

_____

\_\_ As Follows    \_\_ Attached Hereto    \_\_ Agreed to By:

JUDGE LIMBAUGH (DIV IV) ASSIGNED TO

HEAR AS A CIRCUIT JUDGE

SO ORDERED ____19____ day of September, 2022

_____
               Judge

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and | ) | |
| DENNIS FRITTER, individually, and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22AC-AC00712-01 |
| | ) | |
| v. | ) | Division: IV |
| | ) | |
| AMERICAN FAMILY MUTUAL, | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMEORANDUM FOR CONTINUANCE</u>**

COMES NOW Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter by and through their

undersigned counsel, and requests this Court grant a continuance from the court date of October

3, 2022, at 9:00 a.m. to October 24, 2022, at 9:00 a.m.

<div align="right">

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

*Attorneys for Plaintiff*

</div>

Electronically Filed - Cole Circuit - September 28, 2022 - 10:21 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 28, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| KYLE HIRSCH, SARA HIRSCH, and | ) |
| DENNIS FRITTER, individually, and on | ) |
| behalf of all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No. 22AC-AC00712-01 |
| v. | ) |
| | ) Div. IV |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ENTRY OF APPEARANCE**

COMES NOW David T. Butsch of Butsch Roberts & Associates LLC and hereby enters his appearance on behalf of Plaintiffs Kyle Hirsch, Sara Hirsch and Dennis Fritter.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 10, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                         /s/   David T. Butsch

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and | ) | |
| DENNIS FRITTER, individually, and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 22AC-AC00712-01 |
| v. | ) | |
| | ) | Division IV |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' APPLICATION  FOR CHANGE OF JUDGE

Plaintiffs Kyle Hirsch, Sarah Hirsch and Dennis Fritter ("Plaintiffs"), through their counsel of record, and pursuant to Missouri Supreme Court Rule 51.05, submit their Application for Change of Judge as this application is filed within sixty days of Defendant being served (Defendant has not yet been served and counsel has advised they will enter for Defendant shortly).

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

    Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on November 6, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                 /s/ Christopher E. Roberts

**IN THE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH and | ) | |
| DENNIS FRITTER, individually, and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22AC-AC00712-01 |
| | ) | |
| | ) | |
| v. | ) | Division: IV |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ISSUANCE OF ALIAS SUMMONS**

COME NOW Plaintiffs Kyle Hirsch, Sarah Hirsch, and Dennis Fritter and by through their

undersigned counsel, and hereby requests that an alias summons be issued for American Family

Insurance Company, S.I., 301 West High Street, Room 530, Jefferson City, MO 65101.  Plaintiffs

request that process server David Roberts of DMR Investigations, LLC, 620-B East High Street,

Jefferson City, Missouri 65101, be appointed to serve the summons.

<div style="text-align: right">

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    Butsch@butschroberts.com
    Roberts@butschroberts.com

*Attorneys for Plaintiffs*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts

Electronically Filed - Cole Circuit - November 10, 2022 - 05:56 PM

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and<br>DENNIS FRITTER, individually, and on<br>behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22AC-AC00712-01 |
| | ) | |
| v. | ) | Division: IV |
| | ) | |
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, S.I., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COME NOW Plaintiffs Kyle Hirsch, Sarah Hirsch, and Dennis Fritter and by through their undersigned counsel, requests that this Court appoint David M. Roberts with DMR Investigations, LLC, 620-B East High Street, Jefferson City, MO 65101, as a special process server in the above-captioned matter for the purpose of serving a Summons and Petition on Defendant American Family Mutual Insurance Company, S.I, 301 West High Street, Room 530, Jefferson City, MO 65101.

<div align="right">

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@butschroberts.com
Roberts@butschroberts.com

*Attorneys for Plaintiffs*

</div>

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and | ) | |
| DENNIS FRITTER, individually, and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22AC-AC00712-01 |
| | ) | |
| | ) | |
| v. | ) | Division: IV |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER APPOINTING SPECIAL PROCESS SERVER**

The Court of Clerk having reviewed the request for appointment of Special Process Server

in the above-entitled matter, hereby Orders appointment of a Special Process Server as specified

in the Motion for Appointment of Special Process Server.

_____                    _____
**Date**                                                                          **Clerk**

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| KYLE HIRSCH, SARAH HIRSCH, and<br>DENNIS FRITTER, individually, and on<br>behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22AC-AC00712-01 |
| | ) | |
| | ) | |
| v. | ) | Division: IV |
| | ) | |
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPOINTING SPECIAL PROCESS SERVER

The Court of Clerk having reviewed the request for appointment of Special Process Server

in the above-entitled matter, hereby Orders appointment of a Special Process Server as specified

in the Motion for Appointment of Special Process Server.

_____ *11/14/2022* _____

**Date**

_by cp_

**Clerk**



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>CHRISTOPHER KIRBY LIMBAUGH | Case Number: 22AC-AC00712-01 |
|---|---|
| Plaintiff/Petitioner:<br>KYLE HIRSCH<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER ELISHA ROBERTS<br>231 S BEMISTON AVE<br>SUITE 260<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br> AMERICAN FAMILY MUTUAL INSURANCE<br>COMPANY | Court Address:<br>PO BOX 1870<br>301 E HIGH ST<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>AC Breach of Contract | |

<div align="right">(Date File Stamp)</div>

## Alias Summons in Civil Case

**The State of Missouri to:** AMERICAN FAMILY MUTUAL INSURANCE COMPANY
**Alias:**

**301 WEST HIGH STREET**
**RM 530**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*11/14/2022*
_____          _____
Date                                              Clerk                              by cp

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only*: Document ID# 22-SMCC-26381 of 1 (22AC-AC00712-01) Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Case 2:23-cv-04005-SRB   Document 1-1   Filed 01/09/23   Page 30 of 34

Electronically Filed - Cole Circuit - December 06, 2022 - 04:54 PM

**IN THE  19TH JUDICIAL CIRCUIT  COURT,  COLE COUNTY , MISSOURI**

| |
|---|
| Kyle Hirsch Et Al |
| Plaintiff, |
| vs. |
| American Family Mutual Insurance Company |
| Defendant. |

Case Number:  22AC-AC00712-01

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for American Family Mutual Insurance Company, Defendant, in the above-styled cause.

/s/ Philip C. Graham
Philip Charles Graham
Mo Bar Number: 40345
Attorney for Defendant
600 Washington Avenue
15th Floor
St. Louis, MO 63101
Phone Number: (314) 401-7789
pgraham@sandbergphoenix.com

### Certificate of Service

I hereby certify that on _____ December 6th, 2022 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Philip C. Graham
Philip Charles Graham

**IN THE** __19TH JUDICIAL CIRCUIT__ **COURT,** _____COLE COUNTY_____ **, MISSOURI**

| |
|---|
| Kyle Hirsch Et Al |
| Plaintiff, |
| vs. |
| American Family Mutual Insurance Company |
| Defendant. |

Case Number:  22AC-AC00712-01

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for American Family Mutual Insurance Company, Defendant, in the above-styled cause.

/s/ Natalie J. Kussart
Natalie Jean Kussart
Mo Bar Number: 59622
Attorney for Defendant
Ste 1500
600 Washington Ave
Saint Louis, MO 63101-1313
Phone Number: (314) 446-4376
nkussart@sandbergphoenix.com

**Certificate of Service**

I hereby certify that on _____December 6th, 2022_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Natalie J. Kussart
Natalie Jean Kussart

IN THE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI

KYLE HIRSCH, SARAH HIRSCH, and )
DENNIS FRITTER, individually, and on )
behalf of all others similarly situated, )
                               )
            Plaintiffs, )
                               )
       v.                       )      CASE NO. 22AC-AC00712-01
                               )
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, S.I., )
                               )
           Defendant. )

## CONSENT MOTION FOR EXTENSION OF TIME

Defendant American Family Mutual Insurance Company, S.I. ("American Family") respectfully moves this Court for an extension of time, up to and including, February 6, 2023, within which to answer or otherwise respond to Plaintiffs' First Amended Petition ("Petition") pursuant to Missouri Rule 44.01(b). American Family accepted service of the Petition on December 6, 2022. The time for filing an answer or otherwise responding has not expired. This motion is made because American Family requires additional time to prepare a responsive pleading or motion. This is American Family's first request for an extension of time to respond. Plaintiffs have consented to this request.

WHEREFORE, Defendant American Family Mutual Insurance Company, S.I., respectfully requests that this Court grant this Motion for Extension of Time for Defendant to answer or otherwise respond to Plaintiffs' First Amended Petition, up to and including, February 6, 2023.

SANDBERG PHOENIX & von GONTARD P.C.

By:  /s/      Natalie J. Kussart
Philip C. Graham, # 40345
Natalie J. Kussart, # 59622
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
nkussart@sandbergphoenix.com
*Attorneys for Defendant*
*American Family Mutual Insurance Company, S.I.*

**Certificate of Service**

The undersigned certifies that on this 7th day of December 2022 the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system upon all counsel of record.

David T. Butsch
Christopher E. Roberts
Butsch Roberts & Associates LLC
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Douglas J. Winters
The Winters Law Group
dwinters@winterslg.com

*Attorneys for Plaintiffs*

 /s/      Natalie J. Kussart